IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JEFFREY MEADOR, and all others similarly situated under 29 USC § 216(b),**<br><br>      *Plaintiff*,<br><br>v.<br><br>**QES WIRELINE, LLC,**<br><br>      *Defendant*. | Civil Action No. 2:17-cv-00586<br><br>ORIGINAL CLASS ACTION COMPLAINT |

### ORIGINAL CLASS ACTION COMPLAINT

1.    Jeffrey Meador ("Plaintiff") brings this class action individually and on behalf of the below-defined NM Class Members against QES Wireline, LLC ("Defendant").

### I.   NATURE OF SUIT

2.    Defendant provides wireline and other oilfield services to oil and gas industry customers in New Mexico. Defendant employed Plaintiff and the NM Class Members as "Engineers" to perform manual and technical labor to provide Defendant's products and services to customers at job sites ("Field Employees").

3.    Defendant has violated the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") by classifying the NM Class Members as exempt from overtime and paying them on a salary or salary-plus-bonus basis without overtime compensation despite the NM Class Members regularly working over 40 hours per week.

### II.   PARTIES

4.    Plaintiff worked for Defendant as an "Engineer" from approximately December 2012 until June 2015. During that time period, Plaintiff reported to Defendant's Hobbs, New

Mexico office location and performed work for Defendant throughout this District. The work performed by Plaintiff in this District serves as the basis for his NM Wage Law claims.

5. Plaintiff brings his NM Wage Law Claim as a Rule 23 class action on behalf of the "NM Class Members." The NM Class Members consist of all of Defendant's "Engineers"[1] who received pay on a salary or salary-plus-bonus basis that worked in excess of 40 hours in New Mexico in at least one workweek over the past three years.

6. Defendant is an oilfield service company that provides wireline and other oilfield services to customers throughout this District. Defendant may be served through its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 100 NM Class Members; (2) the NM Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one NM Class Member is a citizen from a different state than Defendant.

### IV. NM WAGE LAW COVERAGE FACTS

8. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the NM Class Members.

9. At all relevant times, Defendant constituted an employer or joint employer within the meaning of NM Wage Law and specifically NM STAT ANN. § 50-4-21(B).

10. At all relevant times, Plaintiff and the NM Class Members constituted "employees" employed by an employer under NM STAT ANN. § 50-4-21(C).

---

[1] This term specifically includes all "Engineers" employed directly by Defendant and those employed by Archer Well Company, Inc., Archer Wireline, LLC, and Archer Pressure Pumping, LLC over the last three years. Defendant acquired an ownership of Archer Well Company, Inc., Archer Wireline, LLC and Archer Pressure Pumping, LLC in November 2015. At that time, Defendant became liable as a successor employer for Archer's misclassification of "Engineers" and as an employer or joint employer of those Engineers since that time.

**ORIGINAL CLASS ACTION COMPLAINT**                                                                                     **Page - 2**

## V.    FACTUAL ALLEGATIONS

11. Defendant acquired ownership of Archer Well Company, Inc., Archer Wireline, LLC, and Archer Pressure Pumping, LLC ("Archer") in November 2015.[2]

12. Defendant has continuously conducted business throughout this District during the relevant time period.

13. Defendant maintained an office in this District throughout the relevant time period.

14. Defendant specifically maintained an office located at 3406 N. Lovington Highway, Hobbs, New Mexico 88240.

15. Plaintiff worked as an Engineer for Defendant from approximately December 2014 to June 2015.

16. As an Engineer, Plaintiff's primary job duties consisted of performing technical and manual labor to provide Defendant's products and services for customers at job sites.

17. Plaintiff's job duties did not include performance of non-manual work related to the management of Defendant's business.

18. Plaintiff's job duties were routine and rote and did not include the exercise of discretion.

19. Plaintiff's job duties did not include managerial responsibilities.

20. Plaintiff did not have the authority to hire or fire other employees.

21. Plaintiff did not have responsibility to make hiring or firing recommendations.

22. Defendant regularly scheduled Plaintiff to work for a minimum of twelve (12) hours per day and a minimum of eighty-four (84) hours per week during his employment.

---

[2] *See e.g.* http://www.businesswire.com/news/home/20151123005338/en/Quintana-Energy-Services-LP-Archer%E2%80%99s-North-American (last visited May 12, 2017).

**ORIGINAL CLASS ACTION COMPLAINT**                                                                                         Page - 3

23. Despite Plaintiff routinely working over 40 hours per week, Defendant failed to pay him any overtime premium for all hours worked in excess of 40 per workweek during the time period Plaintiff received compensation on a salary plus non-discretionary bonus basis.

24. Instead of providing Plaintiff with overtime pay, Defendant misclassified Plaintiff as exempt and paid him on a salary-plus-bonus basis with no overtime pay for his many hours of overtime work.

25. Defendant knew that Plaintiff regularly worked in excess of 40 hours per week.

26. During the three years prior to the filing of this Complaint, Defendant employed other NM Class Members as Engineers.

27. As Engineers, the NM Class Members' primary job duties consisted of performing technical and manual labor to provide Defendant's products and services for customers at job sites.

28. The NM Class Members' job duties did not include performance of non-manual work related to the management of Defendant's business.

29. The NM Class Members' job duties were routine and rote and did not include the exercise of discretion.

30. The NM Class Members' job duties did not include managerial responsibilities.

31. The NM Class Members did not have the authority to hire or fire other employees.

32. The NM Class Members did not have responsibility to make hiring or firing recommendations.

33. The NM Class Members routinely worked over 40 hours per week and frequently worked over 80 hours per week.

34. Despite the NM Class Members routinely working over 40 hours per week, Defendant failed to pay the NM Class Members any overtime premium for all hours worked in excess of 40 per workweek during the time period the NM Class Members received compensation on a salary or salary-plus-bonus basis.

35. Instead of paying the NM Class Members overtime, Defendant misclassified them as exempt and paid the NM Class Members on a salary-plus-bonus basis with no overtime pay for their many hours of overtime work.

36. Defendant knew that the NM Class Members worked in excess of 40 hours per week.

37. The NM Class Members are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

38. Defendant continues to employ NM Class Members and pay them on a salary or salary-plus-bonus basis without overtime.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates all allegations previously made in this Complaint.

40. Plaintiff brings his class action on behalf of the respective NM Class Members.

41. The NM Class Members are so numerous that their joinder is impracticable.

42. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members worked for Defendant in New Mexico for over 40 hours in at least one workweek over the past three years.

43. Plaintiff's claims are typical of the NM Class Members.

44. Plaintiff and the NM Class Members were responsible for performing manual and technical labor to provide Defendant's products and services for customers at job sites.

45. Plaintiff and the Class Members were classified as exempt from overtime.

46. Plaintiff and the Class Members were paid on a salary-plus-bonus basis.

47. Plaintiff and the Class Members worked for Defendant in New Mexico in at least one workweek during the last three years.

48. Plaintiff and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

49. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant violated NM Wage Law by failing to pay the NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendant violated NM Wage Law by misclassifying the NM Class Members as exempt from overtime;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendant should be enjoined for such violations in the future.

Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

50. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the NM Class Members. Final injunctive and/or declaratory relief is appropriate to the NM Class Members as a whole.

51. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate

defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VII.   COUNT I: VIOLATION OF NM WAGE LAW

52.   Plaintiff incorporates all allegations previously made in this Complaint.

53.   Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## VIII.   RELIEF SOUGHT

54.   Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of the NM Class Members:

a. For an Order certifying his NM Wage Law claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under NM Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 749-1400
www.siegellawgroup.biz
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**